# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| TERRANCE GERARD STANTON, | ) | |
| Movant, | ) | |
| v. | ) | CV615-064 |
| | ) | CR612-018 |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

After a careful de novo review of the record in this case, the Court concurs with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. Accordingly, the R&R is **ADOPTED**, and this case is **DISMISSED** with prejudice.

Further, a prisoner seeking relief under 28 U.S.C. § 2255 must obtain a certificate of appealability ("COA") before appealing the denial of his application for writ of habeas corpus. 28 U.S.C. § 2253(c)(1)(B). This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional

right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in *Slack v. McDaniel*, 529 U.S. 473, 482–84 (2000), movant has failed to make the requisite showing. Accordingly, a COA is **DENIED** in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, petitioner is not entitled to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3).

**ORDER ENTERED** at Augusta, Georgia, this ___ day of April, 2017.

J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] "If the court denies a certificate, [a party] may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.