THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

```
TERRANCE GERARD STANTON,       *
                               *
     Petitioner,               *
                               *
     v.                        *   CV 615-064
                               *   (Formerly CR 612-018)
UNITED STATES OF AMERICA,      *
                               *
     Respondent.               *
```

O R D E R

On April 11, 2017, this Court dismissed Petitioner's motion brought pursuant to 28 U.S.C. § 2255. On April 24, 2017, Petitioner filed a motion to extend the time to file a Rule 59(e) motion, Federal Rules of Civil Procedure, or in the alternative, a notice of appeal. Because a district court cannot extend the time to file Rule 59(e) motions, the Court denied the motion to extend time and directed the Clerk of Court to docket the motion as a Notice of Appeal *nunc pro tunc* to April 24, 2017. (See Order of May 4, 2017, Doc. 32.)

Not satisfied with this result, Petitioner filed his Rule 59(e) motion on May 10, 2017, along with a motion asking the Court to take notice that the Rule 59(e) motion was timely filed post-judgment and a motion to proceed in forma pauperis.

Rule 59(e) motions must be filed within 28 days of the entry of judgment. Judgment in this case was entered on April 11,

2017. Thus, Petitioner had until May 9, 2017, to file his motion. Although the Clerk docketed his Rule 59(e) motion on May 10th, it appears that Petitioner deposited it in the mail on May 3, 2017. Accordingly, Petitioner's motion to take notice that his Rule 59(e) motion was timely filed (doc. 38) is hereby **GRANTED**, and the Court will address the merits of the same.

Although Rule 59(e) does not set forth the grounds for relief, district courts in this Circuit have identified three that merit reconsideration of an order: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. See, e.g., Ctr. for Biological Diversity v. Hamilton, 385 F. Supp. 2d 1330, 1337 (N.D. Ga. 2005); Sussman v. Salem, Saxon & Nielsen, P.A., 153 F.R.D. 689, 694 (M.D. Ga. 1994). Here, Petitioner is relying upon new evidence - a letter dated April 21, 2017 from his court-appointed counsel to the effect that during the plea negotiations with Petitioner, the Government insisted that Petitioner was a career offender when in fact, he was not. Petitioner therefore argues that he was offered ineffective assistance of counsel because his counsel erroneously believed and therefore advised him as if he would be sentenced as a career offender; thus, Petitioner took his chances at a jury trial rather than plead guilty.

The new evidence, counsel's letter, adds nothing to the Report and Recommendation's analysis of this issue. Petitioner

2

raised this ineffectiveness claim in his § 2255 petition, but as pointed out by the United States Magistrate Judge, even assuming Petitioner's counsel (as well as the Government) were wrong about his status as a career offender, Petitioner was not prejudiced thereby. (See Report & Recommendation, Doc. 16, at 8-10.) Petitioner was offered a guideline range of 168 to 210 months' imprisonment during plea negotiations. Had counsel offered correct advice, Petitioner was subject to a 240 month-sentence. (Id. at 8-9.) Since Petitioner had already turned down the 168 to 210 months plea deal, there is no "reasonable probability" that he would have accepted the deal if he knew he was actually subject to 240 months. (Id. at 9-10.) Accordingly, evidence that defense counsel or the Government misrepresented his career offender status is irrelevant.

Upon the foregoing, Petitioner's Rule 59(e) motion for reconsideration (doc. 37) is **DENIED**. Moreover, because this Court has already determined that any appeal from the Judgment would not be in good faith, and therefore he is not entitled to proceed in forma pauperis (doc. 28, at 2), Petitioner's motion to proceed in forma pauperis (doc. 39) is **DENIED AS MOOT**.

**ORDER ENTERED** at Augusta, Georgia, this ___25th___ day of May, 2017.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

3